TODD KIM, Assistant Attorney General
S. JAY GOVINDAN, Acting Section Chief
MEREDITH L. FLAX, Assistant Section Chief
ASTRID STUTH CEVALLOS, Trial Attorney (Admitted to the MD Bar)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Benjamin Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 305-5751
Fax: (202) 305-0275
Email: astrid.cevallos@usdoj.gov

Attorneys for Federal Defendants

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA
## Tucson Division

| | |
|---|---|
| Center for Biological Diversity, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:21-cv-00470-RCC |
| U.S. Fish and Wildlife Service; and Debra Haaland, in her official capacity as Secretary of the U.S. Department of the Interior, | ) **STIPULATED SETTLEMENT AGREEMENT** |
| Defendants. | ) |

This Stipulated Settlement Agreement ("Agreement") is entered into by and between Plaintiff Center for Biological Diversity ("Plaintiff") and Defendants the United States Fish and Wildlife Service ("Service") and Debra Haaland, in her official capacity as Secretary of the United States Department of the Interior ("Interior") (collectively, "Defendants"), who, by and through their undersigned counsel, state as follows:

WHEREAS, the Endangered Species Act ("ESA") provides that within 12 months after receiving a petition that is found to present substantial information indicating the

petitioned action may be warranted, the Secretary shall make a finding as to whether the petitioned action is not warranted, warranted, or warranted but precluded, 16 U.S.C. § 1533(b)(3)(B)(i)–(iii);

WHEREAS, the ESA provides that, if the Service finds that the petitioned action is warranted, the agency "shall promptly publish in the Federal Register a general notice and the complete text of a proposed regulation to implement" the petitioned action and take other procedural steps, 16 U.S.C. §§ 1533(b)(3)(B)(ii), (b)(4)–(5);

WHEREAS, the ESA provides that, if the Service finds that the petitioned action is not warranted or warranted but precluded, then that finding is subject to judicial review, 16 U.S.C. § 1533(b)(3)(C)(ii);

WHEREAS, when the Service finds that the petitioned action is warranted but precluded, the ESA requires the Service to treat the petition as one that is resubmitted as of the date of the finding and that presents substantial scientific or commercial information that the petitioned action may be warranted, 16 U.S.C. § 1533(b)(3)(C)(i);

WHEREAS, as a means of tracking its resubmitted petitions, the Service adds species for which it has found that listing is warranted but precluded to a "candidate species" list, and the Service makes its required annual findings on these species through the Candidate Notice of Review ("CNOR");

WHEREAS, on August 9, 2021, the Service published the CNOR identifying nineteen foreign species that are candidates for listing as threatened or endangered species: Brasilia tapaculo (*Scytalopus novacapitalis*); Sira curassow (*Pauxi koepckeae*); southern helmeted curassow (*Pauxi unicornis*); Lord Howe Island pied currawong (*Strepera graculina crissalis*); Chatham oystercatcher (*Haematopus chathamensis*); orange-fronted parakeet (*Cyanoramphus malherbi*); Bogotá rail (*Rallus semiplumbeus*); takahē (*Porphyrio hochstetteri*); black-backed tanager (*Tangara peruviana*); yellow-browed toucanet (*Aulacorhynchus huallagae*); Gizo white-eye (*Zosterops luteirostris*); helmeted woodpecker (*Dryocopus galeatus*); Okinawa woodpecker (*Dendrocopos noguchii*); Colorado delta clam (*Mulinia modesta*); fluminense swallowtail (*Parides

*ascanius*); Hahnel's Amazonian swallowtail (*Parides hahneli*); Harris' mimic swallowtail (*Mimoides lysithous harrisianus*); Jamaican kite swallowtail (*Protographium marcellinus*); and Kaiser-i-hind swallowtail (*Teinopalpus imperialis*); 86 Fed. Reg. 43,470 (Aug. 9, 2021);

WHEREAS, on August 26, 2021, Plaintiff sent Defendants a letter stating Plaintiff's intent to file suit challenging the Service's warranted-but-precluded findings for the nineteen species identified above;

WHEREAS, on November 19, 2021, Plaintiff filed the above-captioned action challenging the Service's warranted-but-precluded findings for seven of the species identified above—southern helmeted curassow, black-backed tanager, Okinawa woodpecker, fluminense swallowtail, Harris' mimic swallowtail, Jamaican kite swallowtail, and Kaiser-i-hind swallowtail—under the ESA and the Administrative Procedure Act ("APA"), ECF 1 ("Complaint");

WHEREAS, for any proposed rule submitted to the Office of the Federal Register for any species listed in Paragraph 1, the Service intends to make a final listing determination in accordance with the statutory timeframes provided in 16 U.S.C. § 1533(b)(6)(A)–(B);

WHEREAS, the Service intends to issue either a warranted or not warranted finding pursuant to 16 U.S.C. § 1533(b)(3)(B)(i) or 16 U.S.C. § 1533(b)(3)(B)(ii) for the four following species by the following dates, in accordance with the multiple-species packages reflected in the September 2021 Foreign Species Workplan: Sira curassow on or before May 25, 2023; Hahnel's Amazonian butterfly on or before July 27, 2023; Brasilia tapaculo on or before April 30, 2026; and helmeted woodpecker on or before April 30, 2026;

WHEREAS, the Service intends to endeavor to issue a warranted or not warranted finding pursuant to either 16 U.S.C. § 1533(b)(3)(B)(i) or 16 U.S.C. § 1533(b)(3)(B)(ii) for the Okinawa woodpecker before October 23, 2025, should resources become available to do so;

WHEREAS, the Service plans to hold an annual meeting, through July 29, 2027, with Plaintiff to discuss Plaintiff's and the Service's priorities as they relate to the Foreign Species Workplan;

WHEREAS, Plaintiff and Defendants (collectively, "the parties"), by and through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiff's claims, have negotiated a settlement that they consider to be in the public interest and a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiff's Complaint;

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

1. The Service shall submit to the Federal Register for publication either a warranted or a not warranted finding pursuant to 16 U.S.C. § 1533(b)(3)(B)(i) or 16 U.S.C. § 1533(b)(3)(B)(ii) for the following species on or before the following dates:

   a. Southern helmeted curassow on or before May 25, 2023.
   b. Fluminense swallowtail on or before July 27, 2023.
   c. Harris' mimic swallowtail on or before July 27, 2023.
   d. Okinawa woodpecker on or before October 23, 2025.
   e. Jamaican kite swallowtail on or before February 26, 2026.
   f. Black-backed tanager on or before April 30, 2026.
   g. Kaiser-i-hind butterfly on or before July 29, 2027.

2. The order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including any of the deadlines specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim or

4

modification. The parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the parties are unable to resolve the claim themselves, either party may seek relief from the Court.

3.   In the event that Defendants fail to meet a deadline specified in Paragraph 1 and have not sought to modify it, Plaintiff's first remedy shall be a motion to enforce the terms of this Agreement, after following the dispute resolution procedures described above. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

4.   This Agreement requires only that the Service take the actions specified in Paragraph 1. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the APA, or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any determination made pursuant to Paragraph 1. To challenge any final determination issued pursuant to Paragraph 1, Plaintiff will be required to file a separate action. Defendants reserve the right to raise any applicable claims or defenses to such challenges.

5.   Without waiving any defenses or making any admissions, Defendants agree to pay Plaintiff $25,000 in attorneys' fees and costs. Plaintiff agrees to accept the $25,000 from Defendants in full satisfaction of any and all claims, demands, rights, and causes of action for any and all attorneys' fees and costs Plaintiff reasonably incurred in connection with the above-captioned litigation through the signing of this Agreement.

6.   Plaintiff agrees to furnish Defendants with the information necessary to effectuate the payment set forth by Paragraph 5. Payment will be made to Plaintiff by electronic funds transfer. Defendants agree to submit all necessary paperwork for the

processing of the attorneys' fees award to the Department of the Treasury's Judgment Fund Office within fifteen (15) days from receipt of the necessary information from Plaintiff or from approval of this Agreement by the Court, whichever is later.

7. By this agreement, Defendants do not waive any right to contest fees and costs claimed by Plaintiff or Plaintiff's counsel in any future litigation or continuation of the present action.

8. No part of this Agreement shall have precedential value in any litigation or in representations before any court or forum or in any public setting. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline for making determinations regarding the listing of any species.

9. Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future by any other party. Except as expressly provided in this Agreement, the parties do not waive or relinquish any legal rights, claims, or defenses they may have. This Agreement is executed for the purpose of settling Plaintiff's Complaint, and nothing herein shall be construed as precedent having preclusive effect in any other context.

10. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

11. The parties agree that this Agreement was negotiated in good faith and it constitutes a settlement of claims disputed by the parties. By entering into this Agreement, the parties do not waive any legal rights, claims, or defenses, except as expressly stated herein. This Agreement contains all of the terms of agreement between the parties concerning Plaintiff's Complaint, and is intended to be the final and sole agreement between the parties with respect thereto. The parties agree that any prior or

contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

12. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein. Further, each party, by and through its undersigned representative, represents and warrants that it has the legal power and authority to enter into this Agreement and bind itself to the terms and conditions contained in this Agreement.

13. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

14. Upon adoption of this Agreement by the Court, all counts of Plaintiff's Complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

| | |
|---|---|
| Dated: August 8, 2022 | Respectfully submitted, |
| /s/ Sarah Uhlemann | TODD KIM |
| SARAH UHLEMANN | Assistant Attorney General |
| Center for Biological Diversity | S. JAY GOVINDAN |
| 2400 80th Street NW, #146 | Acting Section Chief |
| Seattle, WA 98117 | MEREDITH L. FLAX |
| Tel: (206) 327-2344 | Assistant Section Chief |
| E-mail: suhlemann@biologicaldiversity.org | |
| | /s/ Astrid Stuth Cevallos |
| /s/ Tanya M. Sanerib | ASTRID STUTH CEVALLOS |
| TANYA M. SANERIB | Trial Attorney |
| Center for Biological Diversity | United States Department of Justice |
| 2400 80th Street NW, #146 | Environment & Natural Resources Division |
| Seattle, WA 98117 | Wildlife & Marine Resources Section |
| Tel: (206) 379-7363 | Benjamin Franklin Station, P.O. Box 7611 |
| E-mail: tsanerib@biologicaldiversity.org | Washington, DC 20044-7611 |
| | Tel: (202) 305-5751 |
| Attorneys for Plaintiff | Fax: (202) 305-0275 |
| | E-mail: astrid.cevallos@usdoj.gov |
| | Attorneys for Federal Defendants |